SIEBE, Admr., et al.

v.

UNIVERSITY OF CINCINNATI.

Court of Claims of Ohio.

No. 96–05467.

Decided March 25, 1999.

See also, 117 Misc.2d 46, 2001-Ohio-4109, 766 N.E.2d 1069.

Charles G. Atkins, for plaintiffs.

Anthony J. Celebrezze, Jr. and Marilena R. Walters, Special Counsel, for the defendant.

---

FRED J. SHOEMAKER, Judge.

{¶1} The court held an evidentiary hearing in this case in order to determine whether Janet M. Torpy, M.D. and Eleanor Canos, M.D. are entitled to personal immunity pursuant to R.C. 2743.02(F) and 9.86. Upon review of the evidence, the arguments of counsel, and the law, the court renders the following initial determination.

{¶2} R.C. 2743.02(F) reads:

{¶3} "A civil action against an officer or employee, as defined in section 109.36 of the Revised Code, that alleges that the officer's or employee's conduct was manifestly outside the scope of his employment or official responsibilities, or that the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner shall first be filed against the state in the court of claims, which has exclusive, original jurisdiction to determine initially, whether the officer or employee is entitled to personal immunity under section 9.86 of the Revised Code and whether the courts of common pleas have jurisdiction over the civil action."

{¶4} R.C. 9.86 states:

{¶5} "[N]o officer or employee [of the state] shall be liable in any civil action that arises under the law of this state for damage or injury caused in the performance of his duties, unless the officer's or employee's actions were *manifestly outside the scope of his employment or official responsibilities, or unless the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner.*" (Emphasis added.)

{¶6} The court disagrees with the position advocated by defendant that R.C. Chapters 3345 and 3361 grant defendant's board of trustees the power to avoid compliance with R.C. 2743.02(F) and 9.86. See *Lynd v. Univ. of Cincinnati* (Dec. 3, 1998), Ct. of Cl. No. 97–13242, 1998–Ohio–717. Hopefully, *Lynd* will be reviewed by the Supreme Court of Ohio.

{¶7} This court has always taken the position that parties may stipulate to the facts but not to the law. In the case sub judice, all parties are requesting that the court find, based on the factual stipulations, that Drs. Janet M. Torpy and Eleanor Canos are entitled to immunity. *Chitwood v. Univ. Med. Ctr.* (May 5, 1998), Franklin App. No. 97API09–1235, 1998 WL 226938; *Scarberry v. Ohio State Univ. Hosp.* (Dec. 3, 1998), Franklin App. No. 98AP–143, 1998 WL 831578.

{¶8} Therefore, regardless of the court's opinion expressed in *Lynd*, supra, Janet M. Torpy, M.D. and Eleanor Canos, M.D. are hereby GRANTED personal immunity based upon the parties' stipulations and the holding of *Chitwood* and *Scarberry*, supra. Accordingly, the courts of common pleas do not have jurisdiction to hear plaintiffs' claims against Janet M. Torpy, M.D. and Eleanor Canos, M.D. There is no just cause for delay.

Judgment accordingly.

FRED J. SHOEMAKER, J., retired, of the Court of Common Pleas of Franklin County, sitting by assignment.